Brothers Company, unquestionably had the right, under the terms of the trust receipt, to obtain the proceeds of the sale by selling the claim, which they did, and therefore the bank, who bought the claim and paid full value for it, became its absolute owner. The Smith Brothers Company in turn, as soon as they sold the claim, held the proceeds subject to the terms of the trust receipt which they had given to William Brandt & Sons Company.

The judgment of the Municipal Court of Chicago is correct and it is affirmed.

*Affirmed.*

MR. JUSTICE TAYLOR dissents.

---

**Edmund H. Stroud, trading as E. H. Stroud & Company, Appellant, v. R. F. Conway Company, Appellee.**

**Gen. No. 21,900.    (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 18, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Edmund H. Stroud, trading as E. H. Stroud & Company, plaintiff, against R. F. Conway Company, defendant, to recover $668.68 balance claimed to be due upon the purchase price of a pulverizing machine, and, by subsequent action consolidated, to recover $114 for certain parts sold to defendant for repairing the same machine. From a judgment for defendant for $1,219.32 on a counterclaim on account of money paid on the purchase price of the machine, plaintiff appeals.

ILES, O'CONNOR, EBERHARDT & KESLER, for appellant; CHARLES J. O'CONNOR and A. M. EBERHARDT, of counsel.

EDMUND S. CUMMINGS, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 187*—*what considered in construing contract.* It is always allowable to look to the interpretation placed upon a contract by the parties themselves.

2. SALES, § 56*—*when letter is part of contract.* Where plaintiff submitted a written contract for the sale of a rock pulverizing machine, stating that the machine would receive "soft limestone * * * of good grinding quality" and reduce it at a certain rate to powder, and two days later wrote defendant, to whom the contract was submitted, explaining what was meant by the words quoted and stating that, if the matter of the grinding quality of the stone was to be left an open question, plaintiff would base its guaranty contained in the contract upon a certain less quantity of output, and the contract was thereafter signed, and plaintiff wrote defendant later, upon failure of the machine to produce the quantity of output provided for, and referred to the first letter as showing defendant was getting an average of what was promised on hard stone, *held* that the first letter was part of the contract and was properly admitted in evidence, in an action to recover the purchase price of the machine.

3. SALES, § 329*—*when evidence is sufficient to show that seller waived objection as to manner of installation of machine.* Evidence, *held* sufficient to sustain the finding that plaintiff waived any objection to the manner in which a certain machine sold by plaintiff to defendant was installed, and that the machine as installed would produce more than if it had been installed in accordance with the plans and specifications submitted as required by the contract of sale, in an action for the purchase price of the machine.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.